IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARY EDWARDS**                                                                          **PLAINTIFF**

**v.**                                                                          **Civil No. 1:16cv147-HSO-JCG**

**COCA COLA BOTTLING COMPANY**                              **DEFENDANTS**
**UNITED, INC., and WAL-MART**
**STORES, INC.**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND COMPLAINT TO JOIN
ADDITIONAL DEFENDANT AND REMANDING TO STATE COURT
FOR LACK OF DIVERSITY JURISDICTION**

BEFORE THE COURT is the Motion [9] to Amend the Complaint to Join an Additional Defendant and Remand to State Court for Lack of Diversity (the "Motion to Amend and Remand") filed by Plaintiff Mary Edwards ("Plaintiff").  This Motion has been fully briefed and is opposed by both of the current Defendants, Coca Cola Bottling Company United, Inc. ("Coca Cola") and Wal-Mart Stores, Inc. ("Wal-Mart").  Upon review of the record and relevant legal authority, the Court finds that the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), weigh in favor of allowing Plaintiff to amend her complaint.  *Id.* at 1182–83.  The Court will grant the Motion [9] and permit amendment.

With the addition of a nondiverse defendant, Mr. Willie Lee Jr., of Jackson County, Mississippi, complete diversity of citizenship no longer exists pursuant to 28 U.S.C. § 1332, and no other source of federal subject-matter jurisdiction is present in this State law negligence and premises-liability action.  The Court will,

therefore, remand this case to the Circuit Court of Harrison County, Mississippi, First Judicial District, from whence it was removed.

## I. BACKGROUND

On February 19, 2016, Plaintiff filed a Complaint against Coca Cola and Wal-Mart in the Circuit Court of Harrison County, Mississippi, First Judicial District. Compl. [1-1].  Plaintiff alleged that she suffered permanent and substantial injuries while shopping at a Wal-Mart store in Gulfport, Mississippi, on August 31, 2013, due to the actions of a Coca Cola employee.  *Id.* at ¶¶5–7.  According to Plaintiff, as she reached down to retrieve an item from a bottom shelf, "a Coca Cola vendor employee wearing ear buds ran her over with a full cart."  *Id.*  Plaintiff did not know the employee's identity or his citizenship at the time she filed her Complaint.  Mot. [9], at 1.  Plaintiff did not include a negligence claim against a fictitious "John Doe" employee, and stated claims only against Coca Cola and Wal-Mart in the original Complaint.  *Id.*

On May 3, 2016, Defendants Coca Cola and Wal-Mart removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Not. Removal [1].  That same day, Plaintiff's counsel sent a letter to Defendants' counsel by email and regular mail stating that he believed complete diversity did not exist in this case because Plaintiff is a Mississippi resident and the employee who struck Plaintiff at the Gulfport Wal-Mart was likely also a Mississippi resident.  Ltr. [9-1]. Counsel stated that it was Plaintiff's intention to amend the Complaint to add the

employee as a defendant once his name and address were known, and requested that Defendants' counsel provide this information. *Id.*

Defendants did not respond with the name and address of the employee. Mot. [9], at 2. Because the identity of the Coca Cola employee was not immediately available, on May 19, 2016, Plaintiff filed a Motion [6] to Stay the Proceeding for Limited Jurisdictional Discovery setting forth Plaintiff's counsel's various attempts to call and email Defendants' counsel to learn the identity of the employee, and the necessity of this information to assessing the Court's diversity jurisdiction. United States Magistrate Judge John C. Gargiulo held a telephone conference to address the Motion [6] and ordered Coca Cola to provide an initial disclosure including the identity and residency of its employee on or before May 30, 2016.

On May 27, 2016, Coca Cola filed a Notice of Service [8] of the initial disclosure. On May 31, 2016, counsel for Coca Cola emailed Plaintiff's counsel a copy of the disclosure by request, as the documents were in transit by mail.[1] Mem. Supp. Mot. [10], at 2–3. According to the disclosure, the Coca Cola employee's name was Mr. Willie Lee Jr. ("Lee"), who was a resident of Jackson County, Mississippi. Disclosure [9-2].

Within two days of receiving this information, on June 2, 2016, Plaintiff filed the instant Motion [9] to Amend and Remand. Plaintiff's proposed Amended Complaint [9-3] adds Lee as a defendant, states a claim for negligence against Lee,

---

[1] The Court notes that May 27, 2016, fell on a Friday, and Monday, May 30, 2016, was Memorial Day, a federal holiday on which mail is not delivered.

3

and clarifies that Plaintiff seeks relief against Coca Cola under a respondeat superior theory of liability.[2]  Wal-Mart has filed a Response [12] opposing amendment and remand, which Coca Cola joined [13].  Plaintiff has filed a Reply [14].

## II. DISCUSSION

A.     Legal Standard

Pursuant to 28 U.S.C. § 1447(e), if after removal "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Where leave to amend will require remand under § 1447(e), "[t]he district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment."  *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (quotation omitted).

The United States Court of Appeals for the Fifth Circuit has set forth a multi-factor test to employ in determining whether a district court should exercise its discretion to allow such an amendment.  *Hensgens*, 833 F.2d at 1182; *Moore*, 732 F.3d at 456–57 (5th Cir. 2013); *Priester v. J.P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013).  Those factors are: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been

---

[2] Any other alterations or additions in the Amended Complaint [9-3] have not been objected to by Defendants and are not at issue in this Motion.

4

dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182 (enumeration added).  If after balancing the equities, the Court exercises its discretion to permit amendment and the non-diverse defendant's joinder, the case must be remanded to State court pursuant to § 1447(c).  *Id.*

B.  The *Hensgens* factors weigh in favor of permitting Plaintiff to amend her Complaint to add a negligence claim against the non-diverse defendant, Lee.

Defendants concede, and the Court agrees, that Plaintiff has not been dilatory in seeking to amend her Complaint.  Resp. [12], at 5.  The second factor in the *Hensgens* analysis thus weighs in favor of permitting amendment.  Defendants base their opposition to amendment on factors one, three, and four.

1.  Factor one weighs in favor of amendment. The purpose of the amendment is not to defeat diversity.

The Court finds that this amendment has not been requested solely to defeat diversity because Plaintiff has stated a viable claim against Lee; she has given a credible reason for her initial omission of Lee as a defendant supported by record evidence; and Plaintiff has pointed to other strategic advantages of joinder that indicate her goal in moving for amendment is not merely to defeat diversity.

a.  Plaintiff has stated a viable negligence claim against Lee.

According to Plaintiff's Amended Complaint, Lee was negligent on the day of her injury because he failed to ensure the aisle was clear, failed to be vigilant, and created a foreseeable, inherently dangerous situation by wearing ear buds while

operating a loaded pushcart.  Am. Compl. [9-3], at 3; *see also Humphries v. Kroger Co.*, 2007 WL 533724, at *3 (S.D. Miss. Feb. 15, 2007)  ("An employee who actively participates in the commission of a tort is personally liable to third persons injured thereby." (citing *Wilson v. South Central Mississippi Farmers, Inc.*, 494 So. 2d 358, 361 (Miss. 1986))). Under Mississippi law and the doctrine of respondeat superior, an employer and its employee are jointly and severally liable for injuries caused by the employee's negligence.  *See Ice Plant, Inc. v. Grace*, 133 So. 3d 379, 384 (Miss. Ct. App. 2014).  A plaintiff injured by an employee's negligent conduct can sue either the employer, the employee, or both.  *Id.*  Here, Plaintiff claims to have been injured by Lee's negligent conduct while he was acting as a Coca Cola employee, and her Amended Complaint states a viable claim against both Lee and Coca Cola under Mississippi law.  Indeed, Plaintiff's respondeat superior claim against Lee's employer Coca Cola in the original Complaint arises out of Lee's purportedly negligent conduct.

     The Court finds it significant that the facts alleged in the Amended Complaint [9-3] surrounding Lee's conduct are essentially unchanged from Plaintiff's original Complaint [1-1].  That the Amended Complaint contains no new facts suggests that Plaintiff did not concoct a claim against Lee after removal solely to defeat diversity.  In this case, the essential facts forming the basis for the claim against Lee were stated at the onset.

        b. <u>Plaintiff has offered a credible reason for her initial omission of Lee as a defendant supported by record evidence.</u>

Plaintiff's stated reason for omitting Lee as a defendant in her original Complaint [1-1] is credible and supported by record evidence: it is undisputed that Plaintiff did not know Lee's identity or his citizenship prior to removal. *Contra Parker v. CitiMortgage, Inc.*, No. 2:14CV173-KS-MTP, 2015 WL 2405168, at *4 (S.D. Miss. May 20, 2015) (denying amendment when "Plaintiffs' original Complaint establishes that they knew of Jones's identity . . . at the initiation of this lawsuit"). The same day Defendants filed their Notice of Removal [1], Plaintiff's counsel informed Defendants of Plaintiff's intention to add the unknown Coca Cola employee as a defendant in this civil action. Ltr. [9-1]. Once this information was known, Plaintiff moved to amend. Mot. [9]. Plaintiff's counsel has maintained that the only reason Lee was not initially joined as a defendant is that his identity was unknown, and that counsel made diligent efforts to discover Lee's identity and citizenship. *Id.*; Mot. [9], at 1–2.

    Defendants argue that because Plaintiff did not name a fictitious defendant in Lee's place, the Court should infer that she never intended to name additional parties when the suit was filed. Resp. [12], at 4. Although pleading a claim against a fictitious defendant is allowed pursuant to Mississippi Rule of Civil Procedure 9(h), this method for preserving a claim is not required because plaintiffs can and

7

frequently do amend their complaints pursuant to Rule 15.[3]  That Plaintiff may have chosen to add a defendant by amendment once his identity was known rather than plead a cause of action against a fictitious individual in the first instance is not by itself dispositive of her intent to destroy diversity.[4]  While the Court finds the lack of a fictitious defendant is a relevant consideration, *see Smith v. Catosouth, LLC*, 432 F. Supp. 2d 679, 681 (S.D. Miss. 2006), other record evidence in this case including the May 3, 2016, letter [9-1], indicates that it was Plaintiff's intention to add Lee as a defendant once his identity was known.

> c. <u>Plaintiff has pointed to other strategic advantages of joinder that indicate her goal in moving for amendment is not merely to defeat diversity.</u>

Plaintiff further points out that by joining Lee as a party defendant, she may build her case more effectively by submitting interrogatories and requests for admission in accordance with Mississippi Rules of Civil Procedure 33–34, and 36. Mem. Supp. Mot. [10], at 7.  Lee is the only potential tortfeasor who witnessed the incident.  By naming Lee as a party, Plaintiff will have more procedural resources available to obtain discovery directly from Lee.  Thus, amendment serves the additional function of helping Plaintiff prove her case, which further suggests

---

[3] Plaintiff filed her suit well within the three-year statute of limitations, giving her additional time to amend her Complaint [1-1].  Miss. Code Ann. § 15-1-49.

[4] This choice could have been made for a number of strategic reasons, including to facilitate settlement by stating claims against existing known parties with the power to settle.

Plaintiff's motive is not simply to defeat diversity.  The Court finds that the first *Hensgens* factor weighs in favor of permitting amendment.

>   2.   <u>Factor three weighs in favor of amendment under the facts of this case because Plaintiff may be injured if amendment is not allowed.</u>

Plaintiff may be injured if amendment is not allowed under the facts of this particular case because she would be forced to file a separate suit against Lee in State court if she wished to preserve her claim against him, wasting judicial resources and potentially producing inconsistent results.  Conducting both suits concurrently could adversely impact Plaintiff's ability to settle this dispute with Lee or Coca Cola since under Mississippi law "[a] plaintiff may not release either an employee or employer from any claim, and then pursue the same claim against the unreleased employee or employer."  *Sykes v. Home Health Care Affiliates, Inc.*, 125 So. 3d 107, 109 (Miss. Ct. App. 2013); *see also J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006) ("Where a party's suit against an employer is based on respondeat superior, the vicarious liability claim itself is extinguished when the solely negligent employee is released.").

Moreover, "an employer's vicarious liability in a respondeat superior action gives rise to a right of indemnification from the employee to compensate the employer for damages paid to an injured party," potentially creating another action to be separately litigated.  *Sykes*, 125 So. 3d at 110 (citing *Gatlin v. Methodist Med. Ctr., Inc.*, 772 So. 2d 1023, 1028 (Miss. 2000) and discussing further issues of res judicata and collateral estoppel when separate suits are pursued against an

employer and employee).  Plaintiff would be injured if she were forced to ligate her claims against Lee separately when a full adjudication of the dispute can be had if amendment is permitted.

Defendant argues that if Coca Cola and/or Wal-Mart are found to be liable, Plaintiff would likely recover her damages from the corporate defendants or their insurers rather than Lee, meaning that Plaintiff's ability to recover would not be injured if amendment is denied.  Resp. [12], at 6.  However, it is not a certainty at this early juncture of the case that a judgment against Lee would necessitate a judgment against Coca Cola or Wal-Mart under the facts of this case.  Coca Cola and Wal-Mart have not conceded that they are automatically responsible for Lee's negligence or that they will pay any damages awarded against him.  *Contra G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014) ("[T]he district court found that G & C would not be significantly injured if amendment were not allowed because Farmland . . . file[d] an amended answer in which it admitted that it was liable for the acts and omissions of the non-diverse defendants who were acting as Farmland's agents, representatives or employees.").  Under the facts of this case and based on the record, the third *Hensgens* factor weighs in favor of permitting amendment.

    3.    <u>Factor four, consideration of other equitable factors, weighs in favor of amendment.</u>

As to the fourth *Hensgens* factor, "any other factors bearing on the equities," Defendants argue that "[b]ased on the facts of this case, it is clear that the

named diverse defendants have a valid interest in having this matter remain in federal court." Resp. [12], at 6.  However, whatever interest Defendants may have, Defendants have not pointed to any specific procedures or remedies that they would be denied in a State forum that would as a matter of equity make an amendment unjust in this State law negligence/premises-liability action.  *See Mitchell v. Wal-Mart Stores, Inc.*, No. CV 6:15-2506, 2016 WL 447721, at *5 (W.D. La. Feb. 4, 2016) ("While it is true that Wal-Mart will suffer some prejudice because it will lose access to a federal forum, the issues presented in this case are entirely a matter of Louisiana state law, which the Louisiana state court is more than capable and competent to determine.").

It further bears on the equities that Plaintiff informed Defendants of her belief that diversity jurisdiction did not exist in this case on the same day Defendants filed their Notice of Removal.  *See* Ltr. [9-1].  Equitably speaking, Defendants were aware of the possibility of remand from the very day of removal and could not be surprised or significantly disadvantaged if the Court allows amendment.  *See Mitchell*, 2016 WL 447721, at *5 ("[T]here [have] been no substantive Motions filed in this case, nor has there been a substantial amount of discovery, and the discovery already conducted in this suit, will not be wasted; instead, it may simply be used in the state court proceeding after remand."). Considering the equities, the fourth *Hensgens* factor weighs in favor of permitting amendment.

11

Because all four *Hensgens* factors weigh in favor of permitting amendment under the particular circumstances of this case, the Court will grant Plaintiff's Motion [9] to Amend and Remand.

### III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.  For the foregoing reasons, the Court exercises its discretion to permit Plaintiff to join a non-diverse party, Willie Lee Jr., as a defendant in this lawsuit.  Based on the Amended Complaint, diversity of citizenship no longer exists, and Plaintiff's Motion to Remand must be granted.  *See Hensgens*, 833 F.2d at 1182.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Mary Edwards's Motion [9] to Amend her Complaint to Join an Additional Defendant and Remand to State Court for Lack of Diversity is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is hereby **REMANDED** to the Circuit Court of Harrison County, Mississippi, First Judicial District, from whence it was removed, and a certified copy of this Order of remand shall immediately be mailed by the Clerk of this Court to the clerk of the State court, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 6th day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE